IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Brandy Alexandra Breeding, | § | No. SA:14-CV-351-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| Moy Tarin Ramirez Engineers, LLC, | § | |
| | § | |
| Defendant. | § | |

ORDER DENYING DEFENDANT'S MOTION TO STRIKE AND GRANTING PLAINTIFF'S MOTION TO EXTEND TIME

Before the Court is a Motion to Strike Plaintiff's Opposition to Motion for Summary Judgment filed by Defendant Moy Tarin Ramirez Engineers, LLC ("Defendant") (Dkt. # 22). Plaintiff Brandy Alexandra Breeding ("Plaintiff") filed a Response, and therein moved for an Extension of Time to File Response in Opposition to Defendant's Motion for Summary Judgment (Dkt. # 23). Defendant subsequently filed a Reply to Plaintiff's Response. (Dkt. # 24). After careful consideration of the memoranda in support of and in opposition to the Motions, the Court, for the reasons that follow, **DENIES** Defendant's Motion to Strike and **GRANTS** Plaintiff's Motion to Extend Time.

On November 17, 2014, Defendant filed its Motion for Summary Judgment.  (Dkt. # 15.)  Under Local Rule CV-7(e), a response to a dispositive motion shall be filed no later than fourteen days after the filing of the motion.  Local Rule CV-7(e)(2).  The deadline for Plaintiff's response was thus December 1, 2014.  Plaintiff filed her Response on December 3, 2014.  (Dkt. # 17.)

Under Federal Rule of Civil Procedure 6(b), when an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after time has expired if the party failed to act because of excusable neglect.  Fed. R. Civ. P. 6(b)(1)(B).  The district court enjoys broad discretion to grant or deny an extension, and the excusable neglect standard is elastic in its application.  Salts v. Epps, 676 F.3d 468, 474 (5th Cir. 2012) (quoting Wright & Miller, Fed. Practice & Procedure § 1165).  Factors relevant to the determination of excusable neglect include (1) the possibility of prejudice to opposing parties, (2) the length of the movant's delay and its impact on the proceeding, (3) the reason for the delay and whether it was within the control of the movant, and (4) whether the movant has acted in good faith.  Id.

Here, the Court finds that Plaintiff's neglect was excusable.  First, given that Plaintiff's Response was filed only two days late, any prejudice to Defendant was minimal.  Indeed, Defendant claims no prejudice as a result of Plaintiff's late filing.  Second, the two-day delay will have little impact on these

proceedings in light of the fact that the hearing on Defendant's Motion for Summary Judgment is scheduled for February 18, 2015, more than two months away. (Dkt. # 16.) Third, and weighing against the grant of the extension here, the reason for the delay was Plaintiff's misreading of Federal Rule of Civil Procedure 6(d) to apply to the filing of Plaintiff's Response. (Dkt. # 23 at 2.) While mistakes concerning such procedural rules do not usually constitute excusable neglect, see Halicki v. La. Casino Cruises, Inc., 151 F.3d 465, 468–69 (5th Cir. 1998) (discussing excusable neglect in the context of Federal Rule of Appellate Procedure 4(a)), the final relevant factor—Plaintiff's good faith—also weighs in favor of granting an extension.

Weighing these factors together, the Court finds that Plaintiff's filing of its Response to Defendant's Motion for Summary judgment constituted excusable neglect, and that granting the requested extension to file Plaintiff's Response is therefore appropriate. In light of this extension, the Court will allow Defendant to file its Reply within seven days of the entry of this Order.

For the foregoing reasons, the Court hereby **DENIES** Defendant's Motion to Strike (Dkt. # 22), **GRANTS** Plaintiff's Motion for Extension of Time to File Response (Dkt. # 23), and **ORDERS** that Defendant file its reply by December 16, 2014.

**SO ORDERED**.

**DATED**: San Antonio, Texas, December 9, 2014.

_____

David Alan Ezra
Senior United States Distict Judge